```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                        CHARLESTON

BRYAN K. STOVER,

        Plaintiff,

v.                                    CASE NO. 2:04-cv-01093

JO ANNE BARNHART,
Commissioner of Social Security,

        Defendant.
```

## PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI"), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. By standing order, this case was referred to this United States Magistrate Judge to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the court are Plaintiff's Motion for Summary Judgment and Defendant's Motion for Judgment on the Pleadings.

Plaintiff, Bryan Keith Stover (hereinafter referred to as "Claimant"), protectively filed applications for SSI and DIB on February 3, 2003, alleging disability as of March 1, 2002, due to bipolar disorder, manic depression and epilepsy. (Tr. at 61-63,

87, 344-45.) The claims were denied initially and upon reconsideration. (Tr. at 43-46, 49-50, 347-51, 353-54.) On October 16, 2003, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 51.) The hearing was held on January 6, 2004, before the Honorable Theodore Burock. (Tr. at 358-94.) By decision dated May 26, 2004, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 17-25.) On August 20, 2004, the Appeals Council considered new evidence offered by the Claimant, but determined it did not provide a basis for changing the ALJ's decision. (Tr. at 4-7.) On October 8, 2004, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2004). If an individual is found "not

disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. Id. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2004). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to

3

perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in substantial gainful activity since the alleged onset date. (Tr. at 18.) Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of seizure disorder, hearing loss, substance abuse disorder, headaches and a bipolar disorder. (Tr. at 19.) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 19.) The ALJ then found that Claimant has a residual functional capacity for all levels of work, reduced by nonexertional limitations of no public contact, no exposure to heights, an ability to perform only routine repetitive tasks, no climbing, no balancing, no hazards, no loud work environment and no operation of motor vehicles. (Tr. at 23.) As a result, Claimant cannot return to his past relevant work. (Tr. at 23.) Nevertheless, the ALJ concluded that Claimant could perform jobs such as hand packer and sandwich maker, which exist in significant numbers in the national economy. (Tr. at 23.) On this basis, benefits were denied. (Tr. at 24.)

Claimant's Background

Claimant was thirty-four years old at the time of the

administrative hearing. (Tr. at 363.) Claimant graduated from high school and received truck driver training. (Tr. at 364.) In the past, he worked as a truck driver, a masonry laborer and an overhead crane operator. (Tr. at 377-79.)

<u>The Medical Record</u>

The court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as necessary.

<u>Claimant's Challenges to the Commissioner's Decision</u>

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because (1) the Appeals Council erred in finding that the new evidence offered by Claimant did not provide a basis for changing the ALJ's decision; and (2) new evidence not before the Commissioner supports a finding of remand. (Pl.'s Br. at 5-7.)

The Commissioner argues that (1) the evidence submitted to the Appeals Council is not sufficient evidence for a remand; and (2) Claimant has not shown that the new evidence submitted by Claimant for the first time upon review by this court warrants remand. (Def.'s Br. at 8-11.)

<u>Motion for Summary Judgment/Motion for Judgment on the Pleadings</u>

One issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In <u>Blalock v. Richardson</u>, substantial evidence was

5

defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Cellebreze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

Claimant submitted to the Appeals Council, a Medical Assessment of Ability to do Work-Related Activities (Mental) dated July 29, 2004, and completed by R.J. Walker, M.D. Dr. Walker rated most of Claimant's mental abilities as fair to poor and noted Claimant's diagnoses of post traumatic stress disorder, intermittent explosive disorder, bipolar disorder by history, alcohol and mixed substance abuse in remission, generalized anxiety disorder and dependent personality traits. (Tr. at 355-57.) There

was no evidence from Dr. Walker before the ALJ.

In its decision, the Appeals Council stated that it considered the additional evidence offered by Claimant, but determined it did not provide a basis for changing the ALJ's decision. (Tr. at 4-5.) At present, there is no published Fourth Circuit decision on the issue of whether the Appeals Council must provide more of an explanation when it determines that new evidence does not provide a basis for changing the ALJ's decision, but there are two unpublished Fourth Circuit decisions.[1] In Hollar v. Commissioner of Social Sec. Admin., 194 F.3d 1304, 1304, No. 98-2748, 1999 WL 753999, at *1 (4th Cir. Sept. 23, 1999), cert. denied, 530 U.S. 1219, reh'g denied, 530 U.S. 1291 (2000), the Fourth Circuit determined that the Appeals Council was not obligated to explain its reasons for determining that new evidence offered by the claimant did not provide a basis for changing the ALJ's decision. The Fourth Circuit reasoned that "[a]t least one court of appeals has specifically rejected the claim that the Appeals Council must

---

[1] The court notes that the Commissioner of Social Security has published in the Federal Register, a Notice of Proposed Rulemaking to amend the Administrative Review Process for Adjudicating Initial Disability Claims which would eliminate the Appeals Council and close the disability record at the issuance of the ALJ's decision. Consideration of new and material evidence thereafter would be permitted in limited circumstances. See Administrative Review Process for Adjudicating Initial Disability Claims, 70 Fed.Reg. 43590, 43596-43597 (2005) (to be codified at 20 C.F.R. pt. 404, 405, 416 412 (SSA) (proposed July 27, 2005). While these changes may resolve the much debated question of whether the Appeals Council must explain its decision that new evidence offered by a claimant does not provide a basis for changing the ALJ's decision, there are a substantial number of cases where this issue will arise before the regulations, if approved, would go into effect.

'articulate its own assessment of the additional evidence.'" Id. at *1 (quoting Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992)).  The Fourth Circuit agreed with the conclusion of the Eighth Circuit in Browning and further noted that "the regulation addressing additional evidence does not direct that the Appeals Council announce detailed reasons for finding that the evidence did not warrant a change in the ALJ's decision." Id. (citing 20 C.F.R. § 404.970(b) (1999)).

More recently, in Thomas v. Commissioner of Social Sec., No. 01-1544, 2001 WL 1602103, at *2 (4th Cir. Dec. 17, 2001), the claimant submitted new evidence to the Appeals Council, which indicated that it did not provide a basis for changing the ALJ's decision.  The district judge accepted the recommendation of a magistrate judge that the court affirm the Commissioner's denial of benefits.  The Fourth Circuit vacated the district court's decision and remanded the case to the Commissioner because on appeal, it became clear that the magistrate judge was not aware that the evidence submitted to the Appeals Council was from the claimant's treating physician.  In addition, the Fourth Circuit could not discern whether the Appeals Council knew that the new evidence came from the claimant's treating physician.  Although Thomas was remanded because of an insufficient explanation by the Appeals Council, there also was an ambiguity in the record that was not revealed until the case came before the Fourth Circuit.  Id.

8

Certain district courts within the Fourth Circuit have published decisions holding that some explanation from the Appeals Council is necessary. In Scott ex rel. Scott v. Barnhart, 332 F. Supp.2d 869, 879 (D. Md. 2004) (Gauvey, Mag. J.), the District of Maryland remanded for an explanation from the Commissioner about new and material evidence first submitted to the Appeals Council and noted that "[w]ithout a proper understanding of the weight attributed to this evidence by the Appeals Council, this Court cannot properly perform its statutory function of determining whether the ALJ's decision is supported by substantial evidence." In Scott, the court described the dilemma as follows:

> Under the regulations, this Court does not have the jurisdiction to review the actions of the Appeals Council, because the denial of review made the ALJ's decision final. 20 C.F.R. § 404.981; Wilkins [v. Secretary, Dept. of Health & Human Servs.,] 953 F.2d [93,] 96 [(4th Cir. 1991)]. Therefore, this Court may review only the ALJ's decision to deny plaintiff's request for benefits. However, that review must include the new and material evidence that the Appeals Council incorporated into the administrative record. Wilkins, 953 F.2d at 96. Thus, this court faces the task of reviewing a record that contains evidence not seen, and therefore not evaluated, by the ALJ.

Id. at 877; see also Hawker v. Barnhart, 235 F. Supp.2d 445, 452 (D. Md. 2002) (Grimm, Mag. J.) ("if the Appeals Council ostensibly considers evidence submitted post-ALJ hearing and that evidence is part of the administrative record, per the precedent of Wilkins, then a duty of explanation is necessary in order for this Court to engage in judicial review"). Likewise, in Harmon v. Apfel, 103 F.

Supp.2d 869, 873 (D. S.C. 2000) (Norton, J.), the District of South Carolina stated that "[t]his court is not a soothsayer and cannot base its conclusion on surmise and conjecture as to the reasons the Commissioner disregarded the new, additional evidence presented to it."

In <u>Alexander v. Apfel</u>, 14 F. Supp.2d 839, 844 (W.D. Va. 1998) (Conrad, Mag. J.), the Western District of Virginia held that where interim evidence first submitted to the Appeals Council serves to create a conflict with other evidence already of record, the Commissioner must indicate "the reasons in support of the resolution of the factual conflicts, so that the court may undertake a meaningful substantial evidence review." In <u>Riley v. Apfel</u>, 88 F. Supp.2d 572, 580 (W.D. Va. 2000) (Kiser, J.), the Western District of Virginia found that although the regulations do not explicitly require the Appeals Council to provide written findings with respect to any new evidence, "[f]or this court to conduct a meaningful review the administrative agency must do more than offer scant discussion of evidence that even it deemed worthy of consideration when rendering its decision." Conversely, in <u>Ridings v. Apfel</u>, 76 F. Supp.2d 707, 709 (W.D. Va. 1999) (Jones, J.), the Western District of Virginia found that the Appeals Council need not give a detailed assessment of its failure to grant review in the face of new evidence.

More recently, in <u>Bowles v. Barnhart</u>, ___ F. Supp.2d ___, No.

6:04-CV-00035, 2005 WL 2006948, at * 3 (W.D. Va. Sept. 23, 2005) (Urbanski, Maj. J.), the Western District of Virginia held that where the Appeals Council fails to provide an explanation for its consideration of new evidence and the new evidence "creates a conflict, is contradictory, or calls into doubt any decision grounded in prior medical reports, the case must be remanded to the Commissioner to weigh and resolve the conflicting evidence."

Within the Southern District of West Virginia, there are no published decisions directly addressing the issue. The court finds the approach taken in <u>Bowles</u> to be both fair and practical and agrees that requiring an explanation where evidence is not material is inconsistent with the applicable regulations, 20 C.F.R. §§ 404.970(b) and 416.1470(b) (2004), and <u>Wilkins</u>. The regulations provide that

> [i]f new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. §§ 404.970(b) and 416.1470(b) (2004). Consistent therewith, <u>Wilkins</u> directs that "[t]he Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review 'if the additional evidence is (a) new, (b)

11

material, and (c) relates to the period on or before the date of the ALJ's decision.'" Wilkins, 953 F.2d at 95-96 (quoting Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990)). Evidence is "new" if it is "not duplicative or cumulative" and "material" if "there is a reasonable possibility that the new evidence would have changed the outcome." Id. at 96. Pursuant to Wilkins, once the court determines that the evidence is new and material and related to the time period before the ALJ's decision and assuming the evidence has been incorporated into the administrative record (as it always is when the Appeals Council considers it), then the reviewing court "must review the record as a whole, including the new evidence, in order to determine whether substantial evidence supports the [Commissioner's] findings." Id. As the court in Bowles reasoned, "[t]o require the Appeals Council to make detailed findings in each case about evidence that is not material needlessly elevates form over substance and imposes a burden on the Appeals Council inconsistent with the regulatory framework and the Fourth Circuit's ruling in *Wilkins*." Bowles, 2005 WL 2006948, at *7.

Applying Bowles, the new evidence offered by Claimant in the instant matter was not contradictory of evidence already of record, nor did it call into doubt any decision grounded in prior medical reports. In his decision, the ALJ found that Claimant suffered from the severe impairments of a seizure disorder, hearing loss,

substance abuse disorder, headaches and a bipolar disorder, all of which reduced Claimant's residual functional capacity by requiring no public contact, no exposure to heights, an ability to perform only routine repetitive tasks, no climbing, no balancing, no hazards, no loud work environment and no operation of motor vehicles. (Tr. at 19, 23.)

The evidence from Dr. Walker consists only of her opinions on the Medical Assessment of Ability to do Work-Related Activities (Mental). This evidence postdates the ALJ's decision by two months[2] and is unaccompanied by any supporting clinical or laboratory evidence supporting her opinions. See 20 C.F.R. §§ 404.1527(d)(3), (4), and (5) and 416.927(d)(3), (4), and (5) (2004) (medical opinions should be considered using the factors of supportability (the more evidence, especially medical signs and laboratory findings, in support of an opinion, the more weight will be given), consistency (the more consistent an opinion is with the evidence as a whole, the more weight will be given), and specialization (more weight given to an opinion by a specialist about issues in his/her area of specialty)).

Thus, for these reasons, the court proposes that the presiding

---

[2] Arguably, the Appeals Council was not even required to consider this evidence since it did not relate "to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. §§ 404.970(b) and 416.1470(b) (2004). However, because the Appeals Council considered the evidence and incorporated it into the administrative record, the court must determine whether the finding of the Appeals Council that the new evidence did not provide a basis for changing the ALJ's decision is supported by substantial evidence.

13

District Judge find that the explanation of the Appeals Council in the instant matter was sufficient.

For the same reasons, the court further proposes that the presiding District Judge find that, in reviewing the record as a whole, including the new evidence from Dr. Walker, the determination of the Appeals Council that the new evidence offered by Claimant from Dr. Walker does not provide a basis for changing the ALJ's decision is supported by substantial evidence. In particular, it is unlikely the new evidence, which was developed after the ALJ's decision, unrelated to the time period at issue before the ALJ and otherwise unsupported by treatment notes or other evidence, would have changed the outcome of the ALJ's original decision. Wilkins v. Secretary, 953 F.2d 93, 96 (4th Cir. 1991).

Implied Motion to Remand

Claimant next attaches new evidence to his brief, and the court will construe this as a motion to remand pursuant to sentence six of 42 U.S.C. § 405(g). In considering Claimant's motion to remand, the court notes initially that the social security regulations allow two types of remand.

Under the fourth sentence of 42 U.S.C. § 405(g), the court has the general power to affirm, modify or reverse the decision of the Commissioner, with or without remanding the cause for rehearing for further development of the evidence. 42 U.S.C. § 405(g); Melkonyan

14

v. Sullivan, 501 U.S. 89, 97 (1991). Where there is new medical evidence, the court may remand under the sixth sentence of 42 U.S.C. § 405(g) based upon a finding that the new evidence is material and that good cause exists for the failure to previously offer the evidence. 42 U.S.C. § 405(g); Melkonyan, 501 U.S. at 97. The Supreme Court has explicitly stated that these are the only kinds of remand permitted under the statute. Melkonyan, 501 U.S. at 98.

In order to justify a remand to consider newly submitted medical evidence, the evidence must meet the requirements of 42 U.S.C. § 405(g) and Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985).[3] In Borders, the Fourth Circuit held that newly discovered evidence may warrant a remand to the Commissioner if four prerequisites are met: (1) the evidence is relevant to the

---

[3] Within relevant case law, there is some disagreement as to whether 42 U.S.C. § 405(g) or the opinion in Borders provides the proper test in this circuit for remand of cases involving new evidence. This court will apply the standard set forth in Borders in accordance with the reasoning previously expressed in this district:

> The court in Wilkins v. Secretary of Dep't of Health & Human Servs., 925 F.2d 769 (4th Cir. 1991), suggested that the more stringent Borders four-part inquiry is superseded by the standard in 42 U.S.C. 405(g). The standard in § 405(g) allows for remand where "there is new evidence which is material and . . . there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." However, Borders has not been expressly overruled. Further, the Supreme Court of the United States has not suggested that Borders' construction of § 405(g) is incorrect. Given the uncertainty as to the contours of the applicable test, the Court will apply the more stringent Borders inquiry.

Brock v. Secretary, Health and Human Servs., 807 F. Supp. 1248, 1250 n.3 (S.D. W. Va. 1992) (citations omitted).

determination of disability at the time the application was first filed and not simply cumulative; (2) the evidence is material to the extent that the Commissioner's decision "might reasonably have been different" had the new evidence been before him; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant has presented to the remanding court "at least a general showing of the nature" of the newly discovered evidence.  Id.

The new evidence attached to Claimant's brief consists of a rating decision dated January 15, 2005, from the Department of Veterans Affairs wherein Claimant was granted a nonservice-connected pension, while "[t]he previous denial of service connection for bipolar disorder is confirmed and continued." (Docket Sheet Document # 8.)  In addition, Claimant submitted a report from Dr. Walker dated August 31, 2004, wherein she notes that she saw Claimant on June 24, 2004, and July 29, 2004.  (# 8.)

The court proposes that the presiding District Judge find that Claimant has not met all four factors identified in Borders. Although Claimant has made a general showing of the evidence by attaching it to his brief and may be able to show good cause as to why the evidence was not presented sooner, the new evidence was developed after the ALJ's May 26, 2004, decision, and the court can find no indication that it relates back to this time period.  Dr. Walker saw Claimant for the first time in June of 2004, after the

16

ALJ's decision. Although Claimant received a non-service connected pension from the Department of Veterans Affairs, "[a] decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not [the Commissioner's] decision about whether you are disabled or blind." 20 C.F.R. §§ 404.1504 and 416.904 (2004). The court proposes that the presiding District Judge find that the new evidence offered by Claimant is neither relevant nor material, and, as such, Claimant's implied request for a remand pursuant to sentence six of 42 U.S.C. § 405(g) must be denied.

For the reasons set forth above, it is hereby respectfully RECOMMENDED that the presiding District Judge DENY the Plaintiff's Motion for Summary Judgment, GRANT the Defendant's Motion for Judgment on the Pleadings, AFFIRM the final decision of the Commissioner and DISMISS this matter from the court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED, and a copy will be submitted to the Honorable Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the

Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to counsel of record.

   November 8, 2005                                  /s/ Mary E. Stanley
        Date                                           Mary E. Stanley
                                                      United States Magistrate Judge